## GARY J. YUSKO, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 30395-86.     Filed October 19, 1987.

Gary J. Yusko, pro se.
*Kristine A. Roth*, for the respondent.

### OPINION

WHITAKER, *Judge*: This case was heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7456 of the Code.[1] The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, *Special Trial Judge*: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. We must determine whether the notice of deficiency was mailed to petitioner at his "last known address" within the meaning of section 6212(b). If so, we must also determine whether an error by respondent in

[1] This case was heard pursuant to sec. 7456 (redesignated as sec. 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 1556, 100 Stat. 2755) and Rule 180. All section references are to the Internal Revenue Code of 1954 as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

addressing the notice of deficiency resulted in the notice's not being delivered to petitioner's last known address.

By notice of deficiency, dated April 10, 1984, respondent determined a deficiency for the taxable year 1980 in the amount of $3,320. Duplicate originals of the notice of deficiency were sent to petitioner by registered mail on April 10, 1984, to 8324 Apartado 1789, Caracas 1010, Venezuela (the address shown on petitioner's 1981 and 1982 returns), and 240 Logan Street, Bedford, Ohio 44146 (the address shown on petitioner's 1980 return). The petition was filed July 21, 1986, which date is more than 2 years after the issuance of the notice of deficiency.[2]

Petitioner alleges that the notice of deficiency was not sent to his last known address. He argues that his address in Caracas, Venezuela, was "Apartado 1789" rather than "8324 Apartado 1789."[3] Petitioner claims that the addition of the Number "8324" caused the notice of deficiency to be misdirected such that it was never delivered to Apartado 1789. In the alternative, petitioner argues that his last known address was 14108 Hamlin Street, Unit # 2, Van Nuys, California 91401, as shown on his 1983 Federal income tax return, filed March 23, 1984. In this regard, petitioner argues that his 1983 return was his most recent return filed before the notice of deficiency was issued, and was thus his last known address.

Section 6213(a) provides that a petition must be filed within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency is issued. The petition in this case was not timely filed. However, it is well settled that to maintain an action in this Court, there must be a valid notice of deficiency and a timely petition. See *Pyo v. Commissioner*, 83 T.C. 626, 632 (1984); *Mollet v. Commissioner*, 82 T.C. 618, 623 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985); *Keeton v. Commissioner*, 74 T.C. 377, 379 (1980). A valid notice of deficiency has been issued if it is mailed to the taxpayer's last known address by certified or registered mail. Sec. 6212(a) and (b)(1).

---

[2] At the time of filing the petition herein, petitioner resided at Van Nuys, California.

[3] It is clear that petitioner's last known address is not at Bedford, Ohio. See *United States v. Zolla*, 724 F.2d 808, 810 (9th Cir. 1984).

As a general matter, respondent is entitled to treat the address appearing on the return for the year in question as the last known address absent "clear and concise notification" of a new address. *Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). We have generally held that the filing of a subsequent return with a change of address does not constitute clear and convincing evidence of notice of a change of address. *Weinroth v. Commissioner*, 74 T.C. 430, 436-437 (1980); *Budlong v. Commissioner*, 58 T.C. 850, 852-853 (1972). However, for the purposes of this matter, we follow the holdings of the Ninth Circuit[4] to the effect that a subsequently filed tax return with a new address does give the Internal Revenue Service notice of the new address. See *United States v. Zolla*, 724 F.2d 808, 810 (9th Cir. 1984); see also *Wallin v. Commissioner*, 744 F.2d 674 (9th Cir. 1984). The burden of proving that the notice was not sent to the last known address is on petitioner. *Mollet v. Commissioner*, *supra* at 624-625; see *Alta Sierra Vista, Inc. v. Commissioner*, *supra*.

Petitioner alleges that his 1983 return, showing the Van Nuys, California, address, was filed on March 23, 1984, prior to the issuance of the notice of deficiency. Thus, petitioner contends that the 1983 return gave respondent notice of a new address.

In response to the Court's order, dated August 4, 1987, respondent submitted additional documentation to establish the date petitioner's 1983 return was received by respondent. These documents establish that the 1983 return was received at the Fresno Service Center on or about April 6, 1984.[5] Because the return included Form 2555, Foreign Earned Income, it was forwarded to the Philadelphia Service Center for processing.[6] The return was stamped as received by the Philadelphia Service Center on May 1, 1984. A computer transcript of petitioner's account, submitted by respondent, shows that the information shown on petitioner's 1983 return was posted to respondent's computer

---

[4]*Golsen v. Commissioner*, 54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971).

[5]The Mar. 23, 1984, date of filing claimed by petitioner is apparently the date petitioner signed his 1983 return.

[6]According to an affidavit of an agent of respondent, the Philadelphia Service Center processes all returns that include Form 2555.

records on or about May 20, 1984, after the notice of deficiency had been issued.

The date upon which respondent has notice of information shown on a return is generally the date the information is posted to respondent's computer records, rather than the date the return is received by respondent. *Soria v. Commissioner*, T.C. Memo. 1986-206; *Singer v. Commissioner*, T.C. Memo. 1986-193.[7] We find that respondent did not unreasonably delay in forwarding the 1983 return from Fresno to Philadelphia, nor did he unreasonably delay in posting the information shown on the 1983 return to his computer records. See *Soria v. Commissioner, supra*; *Singer v. Commissioner, supra.* Accordingly, we conclude that the Caracas, Venezuela, address shown on petitioner's 1982 return, was his last known address.

We next turn to petitioner's argument that the addition of "8324" to the Caracas, Venezuela, address was the reason he did not receive the notice. It appears that petitioner resided in Caracas, Venezuela, from August 1981 to May 1983. He filed his 1981 and 1982 Federal income tax returns showing as his address "Apartado 1789, Caracas 1010, Venezuela." During the time petitioner resided in Venezuela he was employed by the accounting firm of Price, Waterhouse & Co. or its affiliate in Caracas, Venezuela, the firm of Espineira, Sheldon y Associados. An affidavit of a postal official in Caracas, Venezuela, submitted by respondent in support of his motion shows that Apartado 1789 is a post office box held by Espineira, Sheldon y Associados.[8] This affidavit further shows that the notice of deficiency was actually delivered to Apartado 1789 and was received by Douglas Perez, an employee of

---

[7]Respondent sent letters dated Apr. 6 and Apr. 9, 1984, to the California address shown on petitioner's 1983 return. The letters advised petitioner that the duplicate 1983 returns he sent were being forwarded to the Philadelphia Service Center. Petitioner argues that the fact that the 1983 return was received by the Fresno Service Center, and the fact that respondent corresponded with petitioner at the address shown on the return, demonstrates that respondent had notice of his new address. We do not believe that the form letters sent by the Fresno Service Center, which were merely sent to the address shown on the 1983 returns, create knowledge on the part of respondent's Washington, D.C., District Office (the Office which issued the notice of deficiency), that petitioner had relocated. Cf. *United States v. Zolla*, 724 F.2d 808, 810-811 (9th Cir. 1984) (held that knowledge of a new address for the taxpayers gained by the collection agents should not necessarily be imputed to the audit agents who issued the notice of deficiency, even though in the same District Office).

[8]The affidavit of Freddy Torres, Postmaster, Carmelitas Post Office, Caracas, Venezuela, was sworn to before Linda S. Recht, Vice Consul of the United States of America at Caracas.

Espineira, Sheldon y Associados, on April 18, 1984, eight days after the notice was sent.

Thus, it is clear that the notice of deficiency was delivered to petitioner's last known address. It is well settled that a notice of deficiency mailed to a taxpayer's last known address is valid even though the taxpayer does not receive it. *DeWelles v. United States*, 378 F.2d 37, 39 (9th Cir. 1967); *Alta Sierra Vista, Inc. v. Commissioner, supra* at 373; *Brzezinski v. Commissioner*, 23 T.C. 192, 195 (1954). Further, we have held that inconsequential errors in addressing a notice of deficiency do not destroy its validity. *Clodfelter v. Commissioner*, 57 T.C. 102, 107 (1971), affd. 527 F.2d 754, 756 (9th Cir. 1975); *Estate of McElroy v. Commissioner*, 82 T.C. 509, 514 n. 4 (1984). Clearly, the notice got to the address to which it was intended without apparent delay.

We conclude that respondent has complied with the requirements of section 6212(b)(1) in mailing the notice of deficiency to petitioner's last known address. Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted.[9]

*An appropriate order will be entered.*

---

[9]Petitioner also appears to argue that the tax was asse...ed after the expiration of the period of limitations. We have already held that the petition was untimely. Since we have jurisdiction only if a valid statutory notice of deficiency is issued and a timely petition is filed, we are without jurisdiction to decide whether the tax was assessed after the expiration of the period of limitation. See *King v. Commissioner*, 88 T.C. 1042 (1987).