T.C. Memo. 1996-5

UNITED STATES TAX COURT

MARIA E. REED, Petitioner v. COMMISSIONER
OF INTERNAL REVENUE, Respondent

Docket No. 8453-95.                    Filed January 11, 1996.

Maria E. Reed, pro se.

Stuart Spielman and Paul L. Dixon, for respondent.

MEMORANDUM OPINION

ARMEN, Special Trial Judge:  This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction.  Although respondent contends that this case must be dismissed on the ground that Maria E. Reed (petitioner) failed to file her petition with this Court within

_____

[1] All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

the time prescribed in section 6213(a), we understand petitioner to argue that dismissal should be based on respondent's failure to issue a valid notice of deficiency under section 6212. There being no dispute that we lack jurisdiction over the petition filed herein, we must resolve the parties' dispute respecting the proper ground for dismissal.

Background

On January 5, 1994, respondent mailed a joint notice of deficiency to petitioner and her former spouse, Phillip A. Reed, determining a deficiency of $741 in their Federal income tax for the taxable year 1990. The notice of deficiency was mailed to petitioner in duplicate form at two separate addresses: (1) P.O. Box 2259-210, Minden, Nevada 89423-2259592 (the Minden address); and (2) P.O. Box 356-167, Paia, Hawaii 96779-0356567 (the Paia address).

The Minden address is the address listed on petitioner's 1991 and 1992 tax returns. Petitioner filed her 1992 tax return with respondent on or about February 14, 1993.[2]

The envelope bearing the notice of deficiency mailed to the Minden address was returned to respondent marked "Unclaimed". There is no evidence in the record regarding the delivery of the notice of deficiency mailed to the Paia address.

_____

[2] Petitioner filed her 1992 return electronically. The date Jan. 29, 1993, appears opposite the signature of both petitioner and the electronic return originator on Form 8453 (U.S. Individual Income Tax Declaration for Electronic Filing) that accompanied the filing of the 1992 return.

The record does not disclose the date on which petitioner filed her 1991 tax return.

On or about February 14, 1994, petitioner filed her 1993 tax return, listing her address thereon as P.O. Box 603, Minden, Nevada 89423.[3]

Petitioner asserts that she was unaware that respondent had determined a deficiency in her 1990 income tax until she received a notice from the Internal Revenue Service dated March 6, 1995, stating that a portion of the tax refund that she was otherwise due for the taxable year 1994 would be applied to tax owing for the taxable year 1990.

Petitioner filed a petition for redetermination with this Court on May 22, 1995. The petition was delivered to the Court in an envelope bearing a U.S. Postal Service postmark date of May 16, 1995.[4]

As indicated, respondent filed a Motion to Dismiss For Lack of Jurisdiction alleging that petitioner failed to file her petition within the 90-day period prescribed in section 6213(a). Petitioner filed an objection to respondent's motion to dismiss alleging that the deficiency notice in question was not mailed to her correct address, which she identified as P.O. Box 603, Minden, Nevada 89423. Respondent filed a response to petitioner's objection countering that the deficiency notice was

---

[3] Petitioner filed her 1993 return electronically. The date Jan. 21, 1994, appears opposite the signature of both petitioner and the electronic return originator on Form 8453 (U.S. Individual Income Tax Declaration for Electronic Filing) that accompanied the filing of the 1993 return.

[4] At the time that the petition was filed, petitioner resided in Minden, Nevada.

mailed to petitioner's last known address. Thereafter, petitioner filed a supplemental objection stating that she was unaware of the deficiency notice until early in 1995.

A hearing was conducted in this case on November 8, 1995, in Washington, D.C. Counsel for respondent appeared at the hearing and presented argument in support the pending motion. In particular, counsel for respondent argued that the notice of deficiency was mailed to petitioner's last known address in that respondent's records indicate that petitioner's 1992 tax return was the last return filed by petitioner prior to the mailing of the notice of deficiency. Although petitioner did not appear at the hearing, she did file a written statement with the Court pursuant to Rule 50(c).

Discussion

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if respondent mails the notice of deficiency to the taxpayer's "last known address". Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). If a notice of deficiency is mailed to the taxpayer at the taxpayer's last known address, then actual receipt of the notice

is immaterial. <u>King v. Commissioner</u>, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); <u>Yusko v. Commissioner</u>, 89 T.C. 806, 810 (1987); <u>Frieling v. Commissioner</u>, <u>supra</u> at 52. The taxpayer, in turn, has 90 days from the date that the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a).

Respondent mailed the deficiency notice in this case on January 5, 1994. Thus, the 90-day period for filing a timely petition with this Court expired on Tuesday, April 5, 1994, a day that was not a legal holiday in the District of Columbia. Sec. 6213(a). The envelope containing the petition in this case was postmarked May 16, 1995, and the petition was filed by the Court on May 22, 1995. Given that the petition was neither mailed nor filed prior to the expiration of the 90-day statutory period for filing a timely petition, it follows that we lack jurisdiction over the petition. Secs. 6213(a), 7502; Rule 13(a), (c); see <u>Normac, Inc. v. Commissioner</u>, <u>supra</u>. The question presented is whether dismissal of this case should be premised on petitioner's failure to file a timely petition under section 6213(a) or on respondent's failure to issue a valid notice of deficiency under section 6212.

Petitioner contends that respondent failed to mail the notice of deficiency to her at her last known address. We disagree.

Although the phrase "last known address" is not defined in the Internal Revenue Code or in the regulations, we have held

that a taxpayer's last known address is the address shown on the taxpayer's most recently filed return, absent clear and concise notice of a change of address. Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988); see King v. Commissioner, supra at 681. The burden of proving that a notice of deficiency was not sent to the taxpayer at his or her last known address is on the taxpayer. Yusko v. Commissioner, supra at 808.

Contrary to petitioner's view of the matter, we conclude that the notice of deficiency was mailed to petitioner at her last known address. Respondent mailed the notice to petitioner at the address appearing on petitioner's 1992 tax return; i.e., the Minden, Nevada address. The record clearly shows that petitioner's 1992 tax return was the last return that petitioner filed prior to the issuance of the notice of deficiency. Moreover, petitioner has failed to come forth with any evidence tending to show that she provided respondent with clear and concise notice that she intended for respondent to correspond with her at any address other than the Minden, Nevada, address.

Because the notice of deficiency was mailed to petitioner at her last known address, we shall grant respondent's motion to dismiss for lack of jurisdiction.[5]

In order to reflect the foregoing,

---

[5] Although petitioner cannot pursue her case in this Court, she is not without a legal remedy. In short, petitioner may pay the tax, file a claim for refund with the Internal Revenue Service, and if the claim is denied, sue for a refund in the Federal District Court or the United States Court of Federal Claims. See McCormick v. Commissioner, 55 T.C. 138, 142 (1970).

An order will be entered granting respondent's motion and dismissing this case for lack of jurisdiction on the ground that the petition was not timely filed.