T.C. Memo. 1998-153


UNITED STATES TAX COURT


THEOLIA MILLSAP, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20029-97.                    Filed April 27, 1998.


Theolia Millsap, pro se.

Richard S. Goldstein and Roslyn D. Grand, for respondent.


MEMORANDUM OPINION


DAWSON, Judge: This case was assigned to Special Trial

Judge Robert N. Armen, Jr., pursuant to the provisions of section

7443A(b)(4) of the Internal Revenue Code of 1986, as amended, and

Rules 180, 181, and 183.[1]  The Court agrees with and adopts the Opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction on the ground that the petition was not filed within the time prescribed by section 6213(a) or section 7502.

Background

On June 11, 1993, respondent sent petitioner duplicate original notices of deficiency for the taxable years 1985, 1986, 1987, and 1989 (the first notices of deficiency).  In the first notices of deficiency, respondent determined the following deficiencies in petitioner's Federal income taxes and additions to tax:

| | | Additions to Tax | | | |
|---|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. [1]6653(a)(1) | Sec. [2]6653(a)(2) | Sec. 6654 |
| 1985 | $9,930 | $2,483 | $497 | applicable | $569 |
| 1986 | 10,714 | 2,679 | 536 | applicable | 519 |
| 1987 | 8,159 | 2,040 | 408 | applicable | 439 |
| 1989 | 53,364 | 13,341 | --- | --- | 3,609 |

[1] For 1986 and 1987, sec. 6653(a)(1)(A).
[2] For 1986 and 1987, sec. 6653(a)(1)(B).

Also on June 11, 1993, respondent sent petitioner and his wife Bertha Millsap duplicate original notices of deficiency for

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

the taxable years 1988, 1990, 1991 (the second notices of deficiency).  In the second notices of deficiency, respondent determined the following deficiencies in petitioner's and Mrs. Millsap's Federal income taxes and penalties and additions to tax:

| | | Additions to Tax | | | |
|---|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6653(a)(1) | Sec. 6661 | Sec. 6662 |
| 1988 | $13,554 | --- | $678 | $3,389 | --- |
| 1990 | 2,728 | $610 | --- | --- | $531 |
| 1991 | 4,962 | 1,225 | --- | --- | 992 |

The first notices of deficiency were sent by certified mail and were addressed to petitioner at 14 Atteiram Drive, Rome, Georgia 30161 (the Atteiram Drive address) and at 178 East 11th Street, Rome, Georgia 30161 (the East 11th Street address).  The second notices of deficiency were also sent by certified mail and were addressed to petitioner and Mrs. Millsap at the Atteiram Drive address and at the East 11th Street address.

The notices of deficiency that were mailed to the East 11th Street address were returned to respondent by the Postal Service marked "attempted, not known, Rome, GA 30161".  The notices of deficiency that were mailed to the Atteiram Drive address were not returned to respondent.

On April 19, 1993, prior to the mailing of the first and second notices of deficiency, respondent sent petitioner a "Notice of Jeopardy Assessment and Right of Appeal" for the taxable years 1985, 1987, 1989, and 1991 (the first jeopardy notice).  On the following day, April 20, 1993, respondent sent

petitioner and Mrs. Millsap a "Notice of Jeopardy Assessment and Right of Appeal" for the taxable years 1988 and 1990 (the second jeopardy notice).

Both the first and second jeopardy notices were sent by certified mail and were addressed to petitioner and Mrs. Millsap at the Atteiram Drive address. Both such notices were delivered to, and receipted by, "Bertha Millsap" on April 24, 1993.

Petitioner and Mrs. Millsap filed joint Federal income tax returns for 1989 and 1991 in January 1993. Both returns listed the East 11th Street address as petitioner's and Mrs. Millsap's home address.[2]

Petitioner did not file an income tax return for 1992.

In mailing the first and second notices of deficiency on June 11, 1993, respondent utilized the East 11th Street address because that was the address listed on petitioner's most recently filed income tax returns. In mailing duplicate original notices, respondent utilized the Atteiram Drive address because respondent's agents, acting on information furnished by a third-party earlier in the year, had actually observed petitioner at

---

[2] Respondent's records indicate that petitioner did not file an income tax return for 1990. However, petitioner attached a copy of a purported joint return for that year to his Rule 50(c) statement. That copy, however, does not bear the signature of either petitioner or Mrs. Millsap. In contrast, that copy does bear a preparer's signature and the date of Aug. 14, 1991. Further, that copy lists the East 11th Street address as petitioner's and Mrs. Millsap's home address.

that address.  Moreover, respondent's collection officer and other agents had executed a writ of entry at the Atteiram Drive address on April 19, 1993, and Mrs. Millsap was present at such time.

In October 1993, respondent's collection officer seized an automobile operated by Mrs. Millsap.  At the time of the seizure, which occurred on the premises of Mrs. Millsap's employer in Rome, Georgia, the collection officer first learned that Mrs. Millsap and/or petitioner had purportedly moved to 12 Landrum Place, Rome, Georgia 30161 (the Landrum Place address).

Petitioner filed a petition for redetermination with the Court on October 3, 1997.[3]  The petition arrived at the Court in an envelope bearing a U.S. Postal Service postmark date of September 29, 1997.

As indicated, respondent filed a Motion to Dismiss for Lack of Jurisdiction on the ground that the petition was not timely filed.  Petitioner filed an Objection to respondent's motion in which he stated that he had moved in June 1993 from the Atteiram Drive address to the Landrum Place address and did not receive any notice of deficiency.  In his objection, petitioner also stated that respondent's collection officer knew of the change of address because the officer had seized Mrs. Millsap's automobile.

_____

[3]  At the time that the petition was filed, petitioner resided in Atlanta, Georgia.

In a subsequent document filed with the Court, petitioner admitted that he was living at the Atteiram Drive address on June 11, 1993, but that he did not receive any notice of deficiency at that address. Petitioner stated further that he had moved from the East 11th Street address in 1989 and that his last known address was "114 Nourcross Way, Rome, Georgia".[4]

This matter was called for hearing at the Court's motions session in Washington, D.C., on April 8, 1998. Counsel for respondent appeared at the hearing and presented argument and exhibits in support of the pending motion.

Petitioner did not appear at the hearing on April 8, 1998. However, he did file a Rule 50(c) statement, attached to which were "some copies of my tax." These documents include copies of: Purported Federal and State corporate income tax returns for petitioner's company Millsap Construction for 1990, purported Federal and State income tax returns for petitioner and Mrs. Millsap for 1990 (see supra note 2), the Federal income tax return for petitioner and Mrs. Millsap for 1991 (see supra p. 4),

---

[4] The 1994 edition of Publication 65, the National Five-Digit ZIP Code and Post Office Directory, published by the U.S. Postal Service does not list any "Nourcross Way" in Rome, Georgia. There is, however, a "Norcross Way" in Rome, Georgia 30165. We note that documents pertaining to the 1989 taxable year that were attached to petitioner's Rule 50(c) statement, viz, Forms 1099-MISC purportedly issued by Millsap Construction, repeatedly reference "114 N. Crossway St., Rome, GA 30161". The ZIP Code directory does not list "N. Crossway" or "Crossway" in Rome, Georgia.

a purported State income tax return for petitioner and Mrs. Millsap for 1991, and purported Federal and State income tax returns for petitioner and Mrs. Millsap for 1988.  All of these documents list the East 11th Street address as the applicable address.  The remaining documents attached to petitioner's Rule 50(c) statement include a purported Form 4868 (Application for Automatic Extension of Time to File U.S. Individual Income Tax Return) for 1988 (dated April 17, 1989) and 9 Forms 1099-MISC (with transmittal Form 1096) for Millsap Construction for 1989.[5] All of these remaining documents (except for those described supra note 5) list "114 N. Crossway St., Rome, Georgia 30161" as the applicable address.  See supra note 4.

Discussion

The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition.  Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).  Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail.  It is sufficient for jurisdictional purposes if the Commissioner mails the notice

---

[5]  Three of the 9 Forms 1099 purportedly issued to a Terry Satterfield, a Joshua Watkins, and a Phil Johnson list as the recipients' address 12 Landrum Place, Rome, Georgia 30161; i.e., the Landrum Place address.  Two of the remaining Forms 1099 list 13 Landrum Place and 16 Landrum Place as the recipients' address.

of deficiency to the taxpayer at the taxpayer's "last known address". Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). If a notice of deficiency is mailed to the taxpayer at the taxpayer's last known address, actual receipt of the notice by the taxpayer is immaterial. King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, supra at 52. The taxpayer, in turn, generally has 90 days from the date that the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a).

There is no question that the first and second notices of deficiency were mailed to petitioner on June 11, 1993. Further, there is no question that the petition was not filed until October 3, 1997, well after the expiration of the critical 90-day period for filing a timely petition. Accordingly, it follows that we must dismiss this case for lack of jurisdiction. However, in view of petitioner's assertion that the notices of deficiency were not mailed to petitioner at his last known address, the issue presented is whether the dismissal of this case should be based on petitioner's failure to file a timely petition under section 6213(a) or respondent's failure to issue a valid notice of deficiency under section 6212. If jurisdiction is lacking because of respondent's failure to issue a valid

notice of deficiency, we will dismiss on that ground, rather than for lack of a timely filed petition. Pietanza v. Commissioner, 92 T.C. 729, 735-736 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991); Weinroth v. Commissioner, 74 T.C. 430, 435 (1980); Keeton v. Commissioner, 74 T.C. 377, 379-380 (1980).

As indicated, the parties disagree whether the first and second notices of deficiency were mailed to petitioner at his last known address as required by section 6212(b). The phrase "last known address" is not defined in the Code or in the regulations. We have held that a taxpayer's last known address is the address shown on his or her most recently filed return, absent clear and concise notice of a change of address. Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988). The burden of proving that the notice of deficiency was not sent to the taxpayer at his or her last known address is on the taxpayer. Yusko v. Commissioner, supra at 808.

Respondent contends that the Atteiram Drive address was petitioner's last known address. If the Atteiram Drive address was not petitioner's last known address, respondent submits that the East 11th Street address was petitioner's last known address. In either event, respondent contends that the notices of deficiency are valid because they were sent to petitioner at his last known address.

In contrast, petitioner contends that his last known address was either the Landrum Place address or "114 Nourcross Way". Because no notice of deficiency was sent to him at either such address, and further because he allegedly did not receive any notice of deficiency, petitioner contends that the notices of deficiency that were issued by respondent are invalid.[6]

The record in this case convincingly demonstrates that either the Atteiram Drive address or the East 11th Street address was petitioner's last known address. In view of the fact that respondent mailed duplicate original notices of deficiency to each such address, we need not decide whether the Atteiram Drive address or the East 11th Street address was petitioner's last known address.

In January 1993, petitioner filed his 1989 and 1991 income tax returns. Both of those returns listed the East 11th Street address as petitioner's home address, and those returns were the ones that most recently preceded the mailing of the notices of deficiency on June 11, 1993. Therefore, in the absence of clear and concise notice of a change of address, the East 11th Street

---

[6] As previously mentioned, actual receipt of a notice of deficiency by a taxpayer is immaterial if the notice is mailed to the taxpayer at the taxpayer's last known address. King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, 81 T.C. 42, 52 (1983).

address was petitioner's last known address under the rationale of Abeles v. Commissioner, supra at 1035.

Although there is no indication that petitioner himself ever gave respondent clear and concise notice of a change of address, respondent was advised by a third party, early in 1993, that petitioner was residing at the Atteiram Drive address. Respondent's agents confirmed this fact by actual observation of petitioner at the Atteiram Drive address and by executing a writ of entry at that address on April 19, 1993. Moreover, the jeopardy notices that were mailed to the Atteiram Drive address were delivered to, and receipted by, "Bertha Millsap" on April 24, 1993. Accordingly, it was reasonable for respondent to mail duplicate original notices of deficiency to the Atteiram Drive address.

The foregoing analysis, coupled with petitioner's admission that he was actually living at the Atteiram Drive address on June 11, 1993, leads us to reject petitioner's contention that his last known address was either the Landrum Place address or "114 Nourcross Way". Insofar as the Landrum Place address is concerned, we observe that that address first came to light in October 1993, 4 months after the mailing of the notices of deficiency, when respondent's collection officer seized an automobile operated by Mrs. Millsap. And insofar as "114 Nourcross Way" is concerned, we observe that no document in the

record supports the existence of such an address and, to the extent that such address may actually be "114 N. Crossway St.", such latter address does not appear on any document in the record for a taxable year after 1989.

Conclusion

In view of the foregoing, we hold that a notice of deficiency for the taxable years 1985, 1986, 1987, and 1989 and a notice of deficiency for 1988, 1990, 1991 were each sent to petitioner at his last known address.  Accordingly, those notices are valid, and we must, therefore, dismiss this case for lack of jurisdiction on the ground that the petition was not timely filed.[7]

To reflect the foregoing,

An order of dismissal will be entered granting respondent's Motion to Dismiss for Lack of Jurisdiction.

---

[7] Although petitioner cannot pursue his case in this Court, he is not without a remedy.  In short, petitioner may pay the tax, file a claim for refund with the Internal Revenue Service, and if the claim is denied, sue for a refund in the Federal District Court or the U.S. Court of Federal Claims.  See McCormick v. Commissioner, 55 T.C. 138, 142 (1970).