T.C. Memo. 1998-221


UNITED STATES TAX COURT



GUSTAVO and MARIA GUERRERO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23492-97.                    Filed June 24, 1998.


Gustavo and Maria Guerrero, pro se.

<u>Stuart Spielman</u> and <u>Jason M. Silver</u>, for respondent.



MEMORANDUM OPINION


DAWSON, <u>Judge</u>:  This case was assigned to Chief Special
Trial Judge Peter J. Panuthos, pursuant to the provisions of

section 7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge:  This matter is before the Court on respondent's Motion To Dismiss For Lack Of Jurisdiction.  Although respondent contends that this case must be dismissed on the ground that Gustavo and Maria Guerrero (petitioners) failed to file their petition within the time prescribed by section 6213(a), petitioners argue that dismissal should be based on respondent's failure to issue a valid notice of deficiency under section 6212.  There being no dispute that we lack jurisdiction over the petition filed herein, we must resolve the parties' dispute respecting the proper ground for dismissal. See Pietanza v. Commissioner, 92 T.C. 729, 735-736 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991).

Background

On April 15, 1996, petitioners filed a joint Federal income tax return for the taxable year 1995 listing their address as 731 East 52d Street, Los Angeles, California 90011 (the Los Angeles address).  On May 14, 1996, respondent sent a letter to petitioners at the Los Angeles address notifying petitioners

---

[1]  All section references are to the Internal Revenue Code as amended.  All Rule references are to the Tax Court Rules of Practice and Procedure.

that their tax return for 1993 had been selected for examination.  On October 4, 1996, respondent sent a so-called 30-day letter to petitioners at the Los Angeles address providing petitioners with notice of respondent's proposed changes to their tax liability for 1993.  Respondent did not receive either of the above-described letters back from the U.S. Postal Service undelivered.

On or about September 27, 1996, petitioners wrote to the Internal Revenue Service Center in Fresno, California, requesting a copy of their 1993 tax return.  Although petitioners' September 27, 1996, letter is not part of the record in this case, it appears that petitioners listed their address as 10426 Adella Ave., Southgate, California 90280 (the Southgate address).  On December 31, 1996, the operations manager for the Document Services Branch at the Internal Revenue Service Center, Western Region, mailed a letter to petitioners at the Southgate address seeking additional information regarding petitioners' request for a copy of their 1993 tax return.

In the meantime, one day earlier, on December 30, 1996, respondent had mailed a joint notice of deficiency to petitioners at the Los Angeles address determining a deficiency in their Federal income tax for 1993 in the amount of $18,339 and an accuracy-related penalty in the amount of $3,668 pursuant

to section 6662(a). On January 31, 1997, the envelope bearing the notice of deficiency was returned to respondent undelivered and marked "UNCLAIMED".

Petitioners filed a joint petition for redetermination with the Court on December 1, 1997. The petition was delivered to the Court in an envelope bearing a U.S. Postal Service postmark date of November 26, 1997. At the time the petition was filed, petitioners resided at the Southgate address.

As indicated, respondent filed a Motion to Dismiss for Lack of Jurisdiction asserting that the petition was not timely filed. Petitioners filed an objection to respondent's motion asserting that the notice of deficiency was not mailed to their last known address which petitioners identify as the Southgate address. Respondent filed a response to petitioners' objection asserting: (1) Petitioners' September 27, 1996 letter to the Fresno Service Center requesting a copy of their 1993 tax return did not constitute clear and concise notice of petitioners' change of address; and (2) a review of respondent's computer records revealed that petitioners' address did not change between 1988 and 1997.

This matter was called for hearing at the Court's motions session in Washington, D.C. Counsel for respondent appeared at the hearing and presented argument in support of the pending motion. No appearance was entered by or on behalf of

petitioners at the hearing, nor did petitioners file a statement with the Court pursuant to Rule 50(c).

Discussion

The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer's "last known address." Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). If a notice of deficiency is mailed to a taxpayer's last known address, actual receipt of the notice is immaterial. King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, supra at 52. The taxpayer, in turn, has 90 days (or 150 days under circumstances not present herein) from the date that the notice of deficiency is mailed to file a petition with the Court for a redetermination of the deficiency. Sec. 6213(a).

Respondent mailed the notice of deficiency in question to petitioners at the Los Angeles address on December 30, 1996.

The petition arrived at the Court in an envelope postmarked November 26, 1997, and was filed by the Court on December 1, 1997. Given that the petition was neither mailed nor filed before the expiration of the 90-day statutory period for filing a timely petition, it follows that we lack jurisdiction over the petition. Secs. 6213(a) and 7502; Rule 13(a), (c); see Normac, Inc. v. Commissioner, supra.

The question presented is whether dismissal of this case should be premised on petitioners' failure to file a timely petition under section 6213(a) or on respondent's failure to issue a valid notice of deficiency under section 6212. Petitioners contend that they did not receive the notice of deficiency and that the notice is invalid because it was not mailed to their last known address.

Although the phrase "last known address" is not defined in the Internal Revenue Code or in the regulations thereunder, we have held that a taxpayer's last known address is the address shown on the taxpayer's most recently filed return, absent clear and concise notice of a change of address. Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988); see King v. Commissioner, supra at 681. Although a taxpayer is obliged to provide respondent with clear and concise notice of a change of address, respondent must exercise reasonable care and due diligence in ascertaining the taxpayer's correct address. King

v. Commissioner, supra at 681. Once respondent has mailed the notice of deficiency to the taxpayer's last known address, that is all that is required, and respondent's reasonable care and due diligence obligation has been satisfied. Id. The burden of proving that a notice of deficiency was not sent to the taxpayer's last known address is on the taxpayer. Yusko v. Commissioner, supra at 808.

Respondent mailed the notice of deficiency to the Los Angeles address listed on petitioners' 1995 joint tax return filed April 15, 1996, the last tax return filed by petitioners prior to the mailing of the notice of deficiency. Consequently, the notice of deficiency was mailed to petitioners' last known address unless petitioners can demonstrate that they provided respondent with clear and concise notice of their change of address.

Petitioners' assertion that the notice of deficiency is invalid appears to be based on the contention that respondent received clear and concise notice of petitioners' change of address by virtue of petitioners' September 27, 1996 letter to the Fresno Service Center. However, petitioners failed to submit the letter to the Court for consideration. In any event, insofar as the letter merely served as petitioners' request for a copy of their 1993 tax return, it follows that the letter would not constitute clear and concise notice of petitioners'

change of address.  See <u>King v. Commissioner</u>, <u>supra</u> at 681;
<u>Monge v. Commissioner</u>, <u>supra</u> at 31-32; <u>Cantu v. Commissioner</u>,
T.C. Memo. 1990-354; <u>James v. Commissioner</u>, T.C. Memo. 1990-128;
<u>Pritchett v. Commissioner</u>, T.C. Memo. 1986-559.

Considering all of the facts and circumstances, we hold
that respondent exercised due diligence and mailed the notice of
deficiency to petitioners' last known address.  Consequently, we
will grant respondent's Motion to Dismiss for Lack of
Jurisdiction.[2]

In order to reflect the foregoing,

<u>An order will be entered</u>

<u>granting respondent's Motion to</u>

<u>Dismiss for Lack of Jurisdiction</u>.

---

[2]    Although petitioners cannot pursue their case in this
Court, they are not without a legal remedy.  In short,
petitioners may pay the tax, file a claim for refund with the
Internal Revenue Service, and, if the claim is denied, sue for a
refund in the Federal District Court or the U.S. Court of Federal
Claims. See <u>McCormick v. Commissioner</u>, 55 T.C. 138, 142 (1970).