T.C. Memo. 2000-89

UNITED STATES TAX COURT

JEFFREY CHRISTOPHER SPRANKLE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9910-99.                    Filed March 14, 2000.

Jeffrey C. Sprankle, pro se.

<u>Yvonne M. Peters</u>, for respondent.


MEMORANDUM OPINION

PAJAK, <u>Special Trial Judge</u>: Respondent determined a
deficiency in petitioner's Federal income tax in the amount of
$790 for the taxable year 1996. Unless otherwise indicated,
section references are to the Internal Revenue Code in effect for
the year in issue, and all Rule references are to the Tax Court
Rules of Practice and Procedure.

This case comes before the Court on respondent's motion to

dismiss for lack of jurisdiction, filed pursuant to Rule 53. The sole issue for decision is whether the notice of deficiency for 1996 was mailed to petitioner's "last known address" within the meaning of section 6212(b).

At the time the petition was filed with the Court, petitioner resided in Chula Vista, California. Petitioner filed an objection to respondent's motion to dismiss, and respondent filed a response to petitioner's objection. A hearing was held in San Diego, California, on respondent's motion.

On petitioner's 1997 Federal income tax return, which was signed by him on February 13, 1998, petitioner listed his address as 808 Union Street (Apt. No.) #46925-198, San Diego, California, 92101 (Union Street address). This is the address of the Metropolitan Correctional Center, a Federal prison in which petitioner was incarcerated for 6 months. The number 46925-198 was his identification number in the prison and was listed under "Apt. No." on the 1997 return. Nowhere on the return was it stated that petitioner was incarcerated or that the address was that of a prison. Attached to the 1997 return were two Forms W-2, Wage and Tax Statement, with different addresses listed for petitioner.

Around May 14, 1998, petitioner was moved to a halfway house located somewhere between Market Street and 14th Street in San Diego. He spent 2 months at the halfway house and was then

released around July 14, 1998. Upon his release, petitioner moved to 1536 Avenida Rosa, Chula Vista, California, 91911 (Avenida Rosa address).

In July 1998, respondent sent petitioner a 30-day letter advising him of proposed adjustments to his 1996 Federal income taxes. This letter was mailed to the Union Street address listed on petitioner's 1997 return.

In response to this letter, petitioner returned to respondent a preprinted form, which came with the 30-day letter, and a two-page handwritten letter. On the preprinted form, petitioner's Union Street address was typed as petitioner's address. Petitioner did not make any corrections to the address on this form, but he did list his phone number and his hours of availability. Petitioner's handwritten letter did not include an address or any reference to an address. On the front of the envelope which petitioner mailed back to respondent, the Avenida Rosa address was written in as the return address. On the back of this envelope is a preprinted form which states: "COMPLETE AND RETURN THIS PORTION IF YOUR ADDRESS HAS CHANGED". There are spaces for the taxpayer's name, the taxpayer's identification number, and the new address. Petitioner left this form blank. The correspondence was received by respondent on July 31, 1998.

On September 9, 1998, respondent sent the notice of deficiency by certified mail to petitioner at the Union Street

address. The notice was received at that address and returned to respondent by the Postal Service stamped "Attempted Not Known". Handwriting on the envelope states: "RTS [return to sender] NOT HERE RELEASED". No forwarding address was stated on the envelope. Petitioner received a copy of the notice of deficiency on April 29, 1999.

The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989). Pursuant to section 6213(a), the taxpayer has 90 days (or 150 days if the notice is addressed to a person outside of the United States) from the date that the notice of deficiency is mailed to file a petition with the Court for a redetermination of the deficiency.

The notice of deficiency was mailed on September 9, 1998, and the 90-day period ended on December 8, 1998, which was not a legal holiday in the District of Columbia. Petitioner mailed his petition on May 22, 1999, and it was filed with this Court on May 26, 1999.

Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. A notice of deficiency is sufficient if it is mailed to the taxpayer at the taxpayer's "last known address". Sec. 6212(b)(1). If a notice of

deficiency is mailed to a taxpayer's last known address, actual receipt of the notice is immaterial. King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987).

Although the phrase "last known address" is not defined in the Code or the regulations thereunder, we have held that a taxpayer's last known address is the address shown on the taxpayer's most recently filed return, absent clear and concise notice of a different address. Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988). A taxpayer is obliged to provide respondent with clear and concise notice of a change of address, but respondent must exercise reasonable care and due diligence in ascertaining the taxpayer's correct address. King v. Commissioner, supra at 679. Once respondent has mailed the notice of deficiency to the taxpayer's last known address, respondent's reasonable care and due diligence obligation has been satisfied. Id. at 681. The taxpayer bears the burden of proving that the notice was not sent to the taxpayer's last known address. Yusko v. Commissioner, 89 T.C. 806, 808 (1987). This Court has previously held that a "return address placed on the outside of an envelope, without more, does not constitute clear and concise notification of a new, permanent address for purposes of section 6212(b)(1)". James v. Commissioner, T.C. Memo. 1990-128; see also King v. Commissioner, supra at 681.

In this case, petitioner wrote his new address only on the

outside of the envelope in the upper left corner. He did not do anything that would constitute clear and concise notification that he had moved to a new, permanent address. We cannot find that petitioner provided respondent with clear and concise notice of his address change. Absent the proper notice, respondent correctly relied upon the address used on petitioner's most recently filed tax return. We find that the notice of deficiency was valid when mailed to the Union Street address on September 9, 1998.

We hold that petitioner did not file his petition for redetermination with this Court within the time prescribed by sections 6213(a) and 7502. Therefore, we lack jurisdiction to redetermine the 1996 tax liability of petitioner. We grant respondent's motion to dismiss for lack of jurisdiction.

Petitioner is not without a judicial remedy. Petitioner may pay the tax and file a claim for refund with the Internal Revenue Service. If the claim for refund is denied, then petitioner may pursue his case in the appropriate Federal District Court or the U.S. Court of Federal Claims. McCormick v. Commissioner, 55 T.C. 138, 142 (1970).

To reflect the foregoing,

An order granting respondent's
motion to dismiss for lack of
jurisdiction will be entered.