T.C. Summary Opinion 2009-154


UNITED STATES TAX COURT


AKO D. THOMAS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7298-09S.                    Filed October 8, 2009.


Ako D. Thomas, pro se.

Nancy P. Klingshirn, for respondent.


RUWE, Judge:  This case was brought pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

case.  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction.  Respondent's motion is based on the ground that the petition was not timely filed.

### Background

At the time the petition was filed, petitioner resided in Ohio.

On September 5, 2008, respondent mailed a notice of deficiency by certified mail to petitioner at his last known address, determining a $4,164 deficiency in petitioner's 2007 Federal income tax.  On October 14, 2008, respondent sent to petitioner a second notice of deficiency by certified mail concerning petitioner's 2007 Federal income tax.  The second notice of deficiency mailed on October 14, 2008, was identical in all respects to the first notice of deficiency mailed on September 5, 2008, except for the date and the corresponding deadline within which to file a petition with this Court.  The second notice of deficiency was returned to respondent and the envelope was marked "RETURN TO SENDER - UNCLAIMED - UNABLE TO FORWARD."

On October 20, 2008, respondent received from petitioner a letter dated October 15, 2008, notifying respondent of petitioner's incarceration and change of address.[2]

_____

[2] In the petition, petitioner indicated that he has been incarcerated since Sept. 7, 2008.  Respondent contends, however,
(continued...)

On March 24, 2009, 200 days after the mailing of the first notice of deficiency on September 5, 2008, and 161 days after the mailing of the second notice of deficiency on October 14, 2009, the petition was filed.  The petition was mailed to the Court in a properly addressed envelope bearing a privately metered postmark dated March 16, 2009.

On September 17, 2009, respondent filed a motion to dismiss for lack of jurisdiction, on the ground that the petition was not filed within the time prescribed by section 6213(a).  On September 28, 2009, petitioner filed an objection to respondent's motion to dismiss for lack of jurisdiction.  Petitioner states that he does not dispute the notice of deficiency dated September 5, 2008, but he does allege that he did not receive either of the notices of deficiency and, consequently, did not become aware of the deficiency until after the expiration of the 90-day period for timely filing a petition.

## Discussion

It is well established that this Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid

[2](...continued)
that the Ohio Department of Rehabilitation and Correction's records indicate that petitioner was admitted into the London Correctional Institution, London, Ohio, on Sept. 22, 2008.  In any event, both dates are after the mailing of the first notice of deficiency and petitioner neither advised nor updated respondent with a change of address until after both notices of deficiency had been mailed to petitioner's last known address.

notice of deficiency and a timely filed petition.  Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).  Ordinarily, a petition for redetermination of a deficiency must be filed with this Court within 90 days after the mailing of the notice of deficiency. See sec. 6213(a).  The failure to file within the prescribed period requires that the petition be dismissed for lack of jurisdiction.  Estate of Rosenberg v. Commissioner, 73 T.C. 1014, 1016-1017 (1980).

A valid notice of deficiency has been issued if it is mailed to the taxpayer's last known address.  Sec. 6212(a) and (b)(1). Actual receipt of a notice of deficiency is immaterial if, in fact, it was mailed to the taxpayer's last known address.  King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Monge v. Commissioner, supra at 33-34; Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, 81 T.C. 42, 52 (1983).

In his objection petitioner states that he does not dispute the September 5, 2008, notice of deficiency.  Petitioner also does not dispute that the notices of deficiency were mailed to his last known address.  Rather, petitioner asserts that not only did he not receive the notices of deficiency, but also that he

did not become aware of the notices of deficiency until after the 90-day period for filing a petition with this Court had elapsed.

On the basis of the facts presented, we find that the petition was not filed within the time prescribed by section 6213(a).[3]  Accordingly, we will grant respondent's motion to dismiss for lack of jurisdiction.

To reflect the foregoing,

<u>An appropriate order of</u>

<u>dismissal for lack of</u>

<u>jurisdiction will be entered</u>.

---

[3] We note that if petitioner did not receive the notices of deficiency, as he has asserted, then should respondent attempt to collect by way of lien or levy, petitioner may be eligible to challenge the underlying tax liability in a subsequent collection proceeding.  See sec. 6330(c)(2)(B).