ERIC THOMAS WRHEL, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wrhel v. Comm'r
Docket No. 15387-15
United States Tax Court
2016 U.S. Tax Ct. LEXIS 23; January 7, 2016, Decided
January 19, 2016, Filed
*23 Eric Thomas Wrhel, Plaintiff, Pro se, Madison, WI USA.
For U.S. Treasury - Internal Revenue Service, Defendant: Christopher Robert Moran, LEAD ATTORNEY, US Department of Justice, Tax Division, Washington, DCUSA; Richard Davis Humphrey, LEAD ATTORNEY, U.S. Attorney's Office, Madison, WIUSA.
Daniel A. Guy, Jr., Special Trial Judge.
Daniel A. Guy, Jr.
ORDER OF DISMISSAL FOR LACK OF JURISDICTION
This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction, filed June 29, 2015, as supplemented July 28, September 2, and October 9, 2015. Respondent maintains that the Court lacks jurisdiction in this case on the ground the petition was not filed within the 90-day period prescribed in section 6213(a).[1] Petitioner opposes respondent's motion to dismiss and asserts that respondent failed to mail the notice of deficiency to his last known address.
Background
Petitioner filed a petition for redetermination with the Court on June 15, 2015, listing his current address as 2348 Superior St. #1, Madison, Wisconsin (the *24 Madison address). Petitioner attached to the petition a copy of a tax bill, dated October 20, 2014, for the taxable year 2010.
As indicated, respondent filed a motion to dismiss for lack of jurisdiction. Respondent provided the Court with a copy of a notice of deficiency for 2010, dated January 23, 2012, addressed to petitioner at 2600 Newbury Circle, Apt. D, Burlington, Iowa (the Burlington address). At the Court's urging, respondent supplemented his motion to dismiss and provided the Court with a copy of a certified mail list which includes a U.S. Postal Service postmark indicating that the notice of deficiency in question was mailed to petitioner on January 20, 2012. Respondent did not offer an explanation to the Court regarding the discrepancy in the dates reflected on the certified mail list and the notice of deficiency. Nor has respondent offered any evidence whether the notice of deficiency was delivered to petitioner or his agent at the Burlington address or whether the notice was returned to respondent by the U.S. Postal Service undelivered.
Petitioner maintains that he never received the notice of deficiency and that the Madison address is his correct last known address. In *25 support of that proposition, petitioner provided the Court with an unsigned copy of his Federal income tax return for 2010 which lists the Madison address as his current address. Although respondent does not dispute that petitioner's tax return for 2010 was the last tax return that he filed before respondent mailed the notice of deficiency in dispute, respondent reports that he is unable to locate a copy of petitioner's original return. Respondent nevertheless asserts that his computer records indicate that the Burlington address was petitioner's last known address.
Discussion
The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if respondent mails the notice of deficiency to the taxpayer's "last known address." Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). If a notice of deficiency is mailed to the taxpayer at the taxpayer's last known address, actual receipt of the notice is immaterial. King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), aff'g88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987). The taxpayer, in turn, has 90 days from *26 the date the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a).
The term "last known address" is defined in section 301.6212-2(a), Proced. & Admin. Regs., as the address that appears on the taxpayer's most recently filed and properly processed Federal income tax return, unless the taxpayer has provided the Commissioner with clear and concise notification of a different address.
On this record, we are unable to conclude that respondent properly mailed a notice of deficiency for 2010 to petitioner's last known address.[2] As a preliminary matter, respondent has not explained why the date on the notice of deficiency in question (January 23, 2012) does not match the U.S. Postal Service date stamp on the certified mail list (January 20, 2012)--which purports to provide an accurate record of the date the notice of deficiency in question was mailed. Nor has respondent offered any evidence that the notice of deficiency was actually received by petitioner or his agent or whether the notice of deficiency was returned to respondent undelivered. Finally, although respondent acknowledges that petitioner filed a Federal income tax return for 2010 in March 2011, respondent *27 is unable to produce a copy of the return. On this record, the Court is convinced that it is more likely that the Madison address, which appears on the copy of the tax return for 2010 that petitioner provided to the Court, was his last known address.
Consistent with the foregoing, we will deny respondent's motion to dismiss and instead dismiss this case for lack of jurisdiction on the ground no valid notice of deficiency was sent to petitioner for the taxable year 2010.
Upon due consideration and for cause, it is
ORDERED that respondent's motion to dismiss for lack of jurisdiction, as supplemented, is denied. It is further
ORDERED that, on the Court's own motion, this case is dismissed for lack of jurisdiction on the ground respondent failed to issue to petitioner a valid notice of deficiency for the taxable year 2010.
(Signed) Daniel A. Guy, Jr.
Special Trial Judge
ENTERED: JAN 07 2016
Footnotes
1. Unless otherwise indicated, section references are to sections of the Internal Revenue Code, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Under the circumstances, respondent bears the burden of proving that he mailed a valid notice of deficiency to petitioner's correct address. See Pietanza v. Commissioner, 92 T.C. 729 (1989), supplemented by T.C. Memo. 1990-524, aff'd without published opinion, 935 F.2d 1282↩ (3d Cir. 1991).