T.C. Memo. 2012-145

UNITED STATES TAX COURT

SEAN DEVLIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13580-11L.                    Filed May 21, 2012.

Sean Devlin, pro se.

<u>S. Mark Barnes</u> and <u>Inga C. Plucinski</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Pursuant to sections 6320(c) and 6330(d)(1),[1] petitioner

seeks review of respondent's determination to proceed with collection of his unpaid

---

[1]  Unless otherwise indicated, all section references are to the Internal
Revenue Code (Code), and all Rule references are to the Tax Court Rules of
Practice and Procedure.

Federal income tax for 1999, 2000, 2001, 2002, and 2004 (years at issue).  The

issues for decision are:  (1) whether petitioner may challenge his underlying tax

liabilities and, if so, whether any adjustment is appropriate; (2) whether respondent

abused his discretion in sustaining the filing of the notice of Federal tax lien (NFTL)

against petitioner for the years at issue; and (3) whether petitioner is liable for a

penalty under section 6673(a).

FINDINGS OF FACT

Petitioner did not file his Federal income tax returns for 1999, 2000, 2001,

2002, and 2004.  Consequently, the Internal Revenue Service (IRS) prepared a

substitute for return for each year.  On December 6, 2004, respondent sent petitioner

a notice of deficiency for 1999 via certified mail to 3 Huskel Lane, Smith Town,

New York.[2]  The notice was returned to respondent as undeliverable.  Subsequently,

in 2005 and 2007, respondent sent petitioner notices of deficiency for 2000, 2001,

2002, and 2004 via certified mail to 6110 Plumas Street, Reno, Nevada (6110

Plumas).  The notices of deficiency for 2000, 2001, 2002, and 2004 were not

returned to respondent.[3]  Petitioner did not file a petition with the Court contesting

---

[2]  Petitioner's parents reside at 3 Huskel Lane.

[3]  As proof that the IRS mailed the notices of deficiency respondent
introduced at trial a Substitute USPS Form 3877 (Form 3877) for each year at issue.
(continued...)

the deficiency determinations, and the IRS assessed petitioner's tax liabilities for all years.

Petitioner did not pay the assessed tax liabilities, and on June 1, 2010, the IRS sent petitioner Letter 3172, a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320.[4] Petitioner timely requested a face-to-face collection due process hearing (CDP hearing) to discuss, inter alia, IRS procedural violations, deceptive and misleading representations by the IRS, the misapplication of the Code to him because of his status as a nontaxpayer, and the lack of any evidence that he is in default.

On December 14, 2010, Settlement Officer Cook of the IRS Office of Appeals (Appeals) sent petitioner a letter explaining that he had raised only frivolous arguments in his CDP hearing request and would not be allowed a face-to-face conference unless he withdrew, in writing, his frivolous arguments. On January 6, 2011, petitioner sent Officer Cook a letter stating that he was withdrawing any perceived frivolous arguments, but in the same letter he continued to raise the same arguments that he had previously made. On March 10, 2011, Officer Cook sent

---

[3](...continued)
Form 3877 is a mailing list form of the Postal Service that is prepared and used by the IRS to identify items mailed by certified or registered mail.

[4] Letter 3172 was mailed to petitioner's current address.

petitioner a letter scheduling a telephone conference for March 22, 2011. The letter

instructed petitioner to submit a Form 433-A, Collection Information Statement for

Wage Earners and Self-Employed Individuals, signed tax returns for tax years 1999-

2009, and proof of estimated tax payments. Officer Cook again advised petitioner

that if he wanted a face-to-face hearing he would need to withdraw his frivolous

arguments in writing.

On March 22, 2011, Officer Cook held a telephone conference with petitioner

during which petitioner disputed the underlying tax liabilities for all five years at

issue. Officer Cook instructed petitioner to provide the previously requested

documentation for Officer Cook's consideration by April 6, 2011. Petitioner,

instead of providing the requested documentation, sent Officer Cook 50 pages filled

with arguments that this Court has long considered frivolous.

On May 11, 2011, respondent issued to petitioner a Notice of Determination

Concerning Collection Action(s) Under Section 6320 (notice of determination)

sustaining the NFTL. On June 8, 2011, petitioner timely filed a petition[5] with the

Court in which he argued: "There is no demonstrable statutory liability in the

Petitioner's name for the payment of any federal personal income tax, additions to

tax, interest, or penalties within the disputed tax years under the written provisions

---

[5] Petitioner resided in Nevada at the time he filed his petition.

of [the Code]." At trial respondent orally moved for the Court to impose a penalty on petitioner under section 6673.

OPINION

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a taxpayer liable for taxes when a demand for payment of the taxes has been made and the taxpayer fails to pay those taxes. Section 6320(a) provides that the Secretary shall furnish the taxpayer with an NFTL within five business days after the notice of lien is filed. Section 6320 further provides that the taxpayer may request an Appeals hearing within 30 days beginning on the day after the five-day period described above. Sec. 6320(a)(3)(B), (b)(1). Section 6320(c) provides that the Appeals hearing generally shall be conducted consistent with the procedures set forth in section 6330.

Section 6330(c) provides for review with respect to collection issues such as spousal defenses, the appropriateness of the Commissioner's proposed collection actions, and the possibility of collection alternatives. Sec. 6330(c)(2)(A). The taxpayer may also challenge the amount of the underlying tax liability if a statutory notice of deficiency was not received or the taxpayer did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B).

Pursuant to section 6330(d)(1), within 30 days of the issuance of a notice of determination, the taxpayer may appeal the determination to this Court. Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181 (2000). Where the validity of the underlying tax liability is not properly at issue, however, the Court will review the Commissioner's determination for abuse of discretion. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 181.

## I.     Challenging the Underlying Tax Liabilities

Section 6330(c)(2)(B) precludes a taxpayer from challenging the existence or amount of the underlying liability unless the taxpayer did not receive a notice of deficiency for that liability or did not otherwise have an opportunity to dispute the liability. Under section 6330(c)(2)(B), the receipt of a notice of deficiency, not its mailing, is the relevant event.[6] A properly completed Form 3877 reflecting the timely mailing of a notice of deficiency to a taxpayer at the taxpayer's last known

---

[6] For the purpose of determining a deficiency in tax, the Commissioner is authorized to send a notice of deficiency to the taxpayer. Sec. 6212(a). For that purpose, mailing a notice of deficiency to the taxpayer's last known address is sufficient regardless of receipt or nonreceipt. Sec. 6212(b); Pietanza v. Commissioner, 92 T.C. 729, 735-736 (1989), aff'd without published opinion, 935 F.2d 1282 (3d Cir. 1991).

address by certified mail, absent evidence to the contrary, establishes that the notice was properly mailed to the taxpayer. United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984); Coleman v. Commissioner, 94 T.C. 82, 90-91 (1990). Furthermore, compliance with Form 3877 mailing procedures raises a presumption of official regularity in favor of the Commissioner. See Coleman v. Commissioner, 94 T.C. at 91. If the presumption is raised and the taxpayer does not rebut the presumption, the court may find that the taxpayer received the notices of deficiency, thus precluding challenges to the underlying liability under section 6330(c)(2)(B). See, e.g., Sego v. Commissioner, 114 T.C. at 611; Clark v. Commissioner, T.C. Memo. 2008-155.

Respondent concedes that petitioner did not receive a copy of the notice of deficiency for 1999 and that his 1999 underlying tax liability is properly at issue. As for 2000, 2001, 2002, and 2004, respondent contends that the Forms 3877 are proof that the notices of deficiency were properly mailed to petitioner at 6110 Plumas and therefore the Court may find that he received the notices of deficiency and may not challenge the underlying tax liabilities for those years. Petitioner argues that he did not receive the notices of deficiency and testified that he did not live at 6110 Plumas when respondent mailed the notices of deficiency.

We find nothing in the record that connects petitioner with 6110 Plumas. As late as December 6, 2004, the IRS was mailing correspondence to petitioner at 3 Huskel Lane, Smith Town, New York. Although it is possible that after that date and before February 2, 2005, the date the IRS mailed the notices of deficiency for 2000 and 2002, the IRS received an information return or other document showing petitioner's address to be 6110 Plumas, there is no evidence of this.[7] Additionally, nowhere in Settlement Officer Cook's declaration, respondent's pretrial memorandum, or respondent's posttrial brief is there anything to show that 6110 Plumas was petitioner's correct address during 2005 and 2007. Accordingly, the presumption of proper mailing is not raised, and there is insufficient evidence to show that petitioner received the notices of deficiency for 2000, 2001, 2002, and

---

[7] The IRS used information returns to prepare petitioner's substitutes for returns. If the record contained a copy of one of the Forms W-2, Wage and Tax Statement, or Forms 1099-MISC, Miscellaneous Income, showing his address to be 6110 Plumas, this likely would be sufficient to connect petitioner with 6110 Plumas and allow the presumption of proper mailing to attach.

2004.[8] We therefore allow petitioner to challenge his underlying tax liabilities for the years at issue.

Our de novo review of respondent's determinations with respect to petitioner's underlying tax liabilities permits us to consider and resolve the issue. See Priestly v. Commissioner, T.C. Memo. 2003-267, aff'd, 125 Fed. Appx. 201 (9th Cir. 2005). Remand to Appeals for consideration of petitioner's tax liabilities is not necessary, nor would it be productive. See Lunsford v. Commissioner, 117 T.C. 183, 189 (2001); Sapp v. Commissioner, T.C. Memo. 2006-104; Priestly v. Commissioner, T.C. Memo. 2003-267. Further, a remand to Appeals would, more

---

[8] In a number of recent cases the Court has found a taxpayer to have received a notice of deficiency despite a claim to the contrary. In these cases, however, the taxpayer either did not argue that the notice of deficiency was mailed to an improper address or did not unequivocally deny under oath receiving a notice of deficiency, or the evidence showed that the notice of deficiency was mailed to the correct address. See, e.g., Diamond v. Commissioner, T.C. Memo. 2012-90 (properly completed Form 3877 showing taxpayer's correct address raised the presumption of proper mailing and allowed the Court to find that the taxpayer received the notice of deficiency after he refused to deny receipt under oath); Kamps v. Commissioner, T.C. Memo. 2011-287 (taxpayer argued only that he did not receive the notice of deficiency, not that it was mailed to the improper address); Clark v. Commissioner, T.C. Memo. 2008-155 (taxpayer presented no evidence that he did not receive the notices of deficiency and did not contest that the notices of deficiency were mailed to his correct address); Bailey v. Commissioner, T.C. Memo. 2005-241 ("[p]etitioner does not dispute that the notice of deficiency was mailed to his last known address, and he does not unequivocally deny that he received it"). None of these scenarios is present in the matter before us.

likely than not, needlessly delay the collection of petitioner's tax plus related additions to tax and interest, which, if the proper amounts have been assessed, are already long overdue. See Priestly v. Commissioner, T.C. Memo. 2003-267.

The Commissioner's determinations in a notice of deficiency are presumed correct, and taxpayers bear the burden of proving that the Commissioner's determinations are incorrect.[9] See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner advanced only frivolous arguments throughout the CDP hearing and has continued to advance his groundless arguments in his petition, trial memorandum, and testimony.[10] Any contention raised that challenges the "existence" of any statute imposing or requiring him to pay income tax warrants no further comment. See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."). Petitioner's challenge lacks any substance, and the underlying tax liabilities stand as assessed by respondent.

---

[9] Petitioner has neither claimed nor shown that he satisfied the requirements of sec. 7491(a) to shift the burden of proof to respondent with regard to any factual issue.

[10] Although the Court ordered petitioner to file a posttrial brief, he failed to do so.

II.     Collection Action

Having established under a de novo review standard that petitioner's tax liabilities were as determined by respondent, we now review respondent's determination to proceed with collection under an abuse of discretion standard. Appeals abuses its discretion if it acts "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Petitioner has not advanced any argument or introduced any evidence that would allow us to conclude that the determination to sustain the NFTL was arbitrary, capricious, or without sound basis in fact or law. Petitioner did not submit a Form 433-A or any other financial information during the section 6330 hearing, nor did he offer any reasonable collection alternative. Appeals determined that the requirements of applicable law and administrative procedure were met and concluded that sustaining the NFTL appropriately balanced the need for efficient collection of taxes with petitioner's concerns regarding the intrusiveness of the lien action. Accordingly, we hold that Appeals did not abuse its discretion in sustaining the NFTL.

III.    Section 6673 Penalty

Respondent orally moved the Court to impose a penalty on petitioner under section 6673(a)(1). Section 6673(a)(1) authorizes the Court to require a taxpayer to

pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous or groundless positions in the proceedings or instituted the proceedings primarily for delay. We choose not to impose a penalty on petitioner but take this opportunity to warn him that the Court may impose a penalty pursuant to section 6673(a)(1) if he returns to the Court and proceeds in a similar fashion in the future. See Pierson v. Commissioner, 115 T.C. 576 (2000).

In reaching our holdings, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

An appropriate order and decision will be entered.