T.C. Memo. 2016-81

UNITED STATES TAX COURT

WILLIAM THOMAS TAYLOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6989-15.                      Filed April 28, 2016.

William Thomas Taylor, pro se.

<u>Randall B. Childs</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This matter is before the Court on respondent's motion

to dismiss for lack of jurisdiction on the ground that the petition was not filed

**[*2]** within the time prescribed by section 6213(a) or section 7502.[1] As explained below, we will grant respondent's motion to dismiss.

## Background

At the time he filed the petition, petitioner resided in Florida. In September 2011 petitioner moved from his address at 2221 Westcreek Lane 31, Houston, Texas (Westcreek Lane address), to 1025 Dulles Avenue, Stafford, Texas (Dulles Avenue address). On March 2, 2012, respondent mailed petitioner a notice of deficiency for 2009 by certified mail addressed to petitioner at the Westcreek Lane address. The Westcreek Lane address was the address reported on petitioner's 2010 Federal income tax return (2010 return) filed April 4, 2011. The 2010 return was the last return filed before the mailing of the notice of deficiency.

Petitioner moved to Florida in September 2012. On November 12, 2012, petitioner filed his Federal income tax return for 2011 (2011 return). On that return, petitioner reported an address in St. Augustine, Florida.

On March 13, 2015, petitioner filed a petition with this Court seeking redetermination of his tax liability for 2009. The petition arrived at the Court in an envelope bearing a U.S. Postal Service postmark dated March 6, 2015.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** Respondent moves to dismiss for lack of jurisdiction on the ground that the petition was not timely filed. Petitioner argues that respondent failed to mail the notice of deficiency to his last known address.

## Discussion

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. See Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. A notice of deficiency is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer's last known address. Sec. 6212(b)(1); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). If the notice is mailed to the taxpayer at the taxpayer's last known address, actual receipt of the notice by the taxpayer is immaterial. See King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), aff'g 88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, 81 T.C. at 52. In turn, the taxpayer has 90 days (or 150 days if the notice is addressed to a person outside the United States) from the date that the

**[*4]** notice is mailed to file a petition for redetermination of the deficiency. <u>See</u> sec. 6213(a); <u>see also</u> sec. 7502 (treating timely mailing as timely filing).

Respondent mailed the notice of deficiency to petitioner at the Westcreek Lane address on March 2, 2012. The petition arrived at the Court in an envelope postmarked March 6, 2015, and was filed by the Court on March 13, 2015. Over 1,000 days elapsed between respondent's mailing of the notice of deficiency and petitioner's filing of the petition. Thus, the petition was neither mailed nor filed before the expiration of the 90-day statutory period for filing a timely petition. Accordingly, it follows that we must dismiss this case for lack of jurisdiction. However, in view of petitioner's contention that the notice of deficiency was not mailed to his last known address, the issue for decision is whether the dismissal of this case should be based on petitioner's failure to file a timely petition under section 6213(a) or on respondent's failure to issue a valid notice of deficiency under section 6212. If jurisdiction is lacking because of respondent's failure to issue a valid notice of deficiency, we will dismiss on that ground, rather than for lack of a timely filed petition. <u>Pietanza v. Commissioner</u>, 92 T.C. 729, 735-736 (1989), <u>aff'd without published opinion</u>, 935 F.2d 1282 (3d Cir. 1991); <u>Weinroth v. Commissioner</u>, 74 T.C. 430, 435 (1980); <u>Keeton v. Commissioner</u>, 74 T.C. 377, 379-380 (1980).

**[\*5]**   We have held that absent clear and concise notice of a change of address, a taxpayer's last known address is the address shown on the taxpayer's return that was most recently filed at the time that the notice was issued.  King v. Commissioner, 857 F.2d at 681; Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988); sec. 301.6212-2(a), Proced. & Admin. Regs.  In deciding whether the Commissioner mailed a notice to a taxpayer at the taxpayer's last known address, the relevant inquiry "pertains to * * * [the Commissioner's] knowledge rather than to what may in fact be the taxpayer's most current address."  Frieling v. Commissioner, 81 T.C. at 49.  The burden of proving that the notice was not sent to the taxpayer at the taxpayer's last known address is on the taxpayer.  See Yusko v. Commissioner, 89 T.C. at 808.

Respondent mailed the notice of deficiency to the address reported on petitioner's 2010 return--the last return petitioner filed before the mailing of the notice.  Consequently, the notice of deficiency was mailed to petitioner at his last known address unless petitioner can demonstrate:  (1) he provided respondent with clear and concise notice of a change of address or (2) before the mailing of the notice of deficiency respondent knew of a change in petitioner's address and did not exercise due diligence in ascertaining his correct address.  See Keeton v.

**[\*6]** Commissioner, 74 T.C. at 382; Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), aff'd without published opinion, 538 F.2d 334 (9th Cir. 1976).

Nothing in the record suggests that petitioner gave respondent clear and concise notice of his change of address from the Westcreek Lane address to the Dulles Avenue address. Nor does anything in the record suggest that respondent knew about that change of address. Petitioner testified that when he moved from the Westcreek Lane address to the Dulles Avenue address in September 2011 he filed an appropriate change of address form with the U.S. Postal Service. However, petitioner failed to produce evidence that would corroborate his testimony or establish the date on which the change of address was submitted. Thus, we find that the notice of deficiency was valid because it was sent to petitioner at his last known address. Accordingly, because petitioner did not file his petition within the prescribed period of section 6213(a), we lack jurisdiction to redetermine the deficiency and the case must be dismissed.

In reaching our holding, we have considered all arguments made, and to the extent not mentioned above, we find them to be moot, irrelevant, or without merit.

**[\*7]**  To reflect the foregoing,

<u>An appropriate order of dismissal for</u>

<u>lack of jurisdiction will be entered</u>.