# United States Tax Court

T.C. Memo. 2024-44

KEITH M. PHILLIPS,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 37955-21.                                    Filed April 16, 2024.

————————

*Percy Squire*, for petitioner.

*Lisa P. Lafferty*, for respondent.


## MEMORANDUM OPINION

GREAVES, *Judge*: This deficiency case is before the Court on the Internal Revenue Service's (IRS or respondent) Motion to Dismiss for Lack of Jurisdiction on the ground that the petition was not filed within the time prescribed by section 6213(a).[1]  Petitioner objected to this motion, arguing that the notice of deficiency is invalid because it was not sent to his last known address.  To decide the motion, we must determine whether respondent complied with the procedure set forth in Treasury Regulation § 301.6212-2 to update petitioner's last known address based on the U.S. Postal Service's (USPS) National Change of Address (NCOA) database.  We will deny respondent's motion for the reasons set forth below.  We nevertheless dismiss this case because the notice of deficiency is invalid.

———————————————

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

**Served 04/16/24**

[*2]                                        *Background*

The following facts are based on the parties' pleadings and motion papers, including attached declarations and exhibits, and, unless otherwise stated, are not disputed. Petitioner lived in Ohio when he petitioned this Court. Petitioner last filed a federal tax return in March 2004 for tax year 2003. On this return, which he filed jointly with his now ex-wife, petitioner listed his address as 75 Hazeltine Avenue, Youngstown, Ohio 44506.

On January 26, 2010, petitioner began serving a prison sentence, which continued through January 26, 2017. During this time, petitioner was injured and suffered a permanent loss of nearly all vision in his right eye. He filed a civil lawsuit against the prison, and in 2014 he received a $201,011 personal injury settlement.[2] Petitioner did not file an income tax return for tax year 2014.

On September 3, 2018, respondent prepared a substitute for return for 2014 pursuant to section 6020(b), reporting petitioner's personal injury settlement as income. Respondent determined an income tax deficiency of $51,952; an addition to tax under section 6651(a)(1) for failure to timely file of $11,689; an addition to tax under section 6651(a)(2) for failure to timely pay of $11,689; and an addition to tax under section 6654 for failure to pay estimated tax of $933. Respondent sent a notice of deficiency, dated September 24, 2018, to petitioner at 157 Roslyn Drive, Youngstown, Ohio 44505 (Roslyn Address).

Petitioner did not protest the notice of deficiency within 90 days, and respondent assessed the deficiency along with additions to tax on February 25, 2019. After receiving no payment, respondent filed a federal tax lien and issued a notice of filing a federal tax lien, dated January 23, 2020, to petitioner at the Roslyn Address. Petitioner did not request a collection due process hearing and failed to pay the liability. Respondent certified petitioner as an individual owing seriously delinquent tax debt to the State Department and issued petitioner CP508C, Notice of Certification of Your Seriously Delinquent Federal Tax Debt to the State Department, dated May 3, 2021. This notice was sent to petitioner at 120 North Richview Avenue, Youngstown, Ohio 44509.

---

[2] All dollar amounts are rounded to the nearest dollar.

[*3]    In response, petitioner filed a petition with this Court on May 3, 2021, wherein petitioner checked the boxes indicating he sought review of a notice of deficiency and a notice of certification.[3]    Petitioner contended that the IRS incorrectly determined that the personal injury settlement he received in 2014 was taxable income.

On September 2, 2021, respondent filed a Motion to Dismiss for Lack of Jurisdiction on the ground that petitioner failed to timely petition this Court.  On November 19, 2021, respondent filed a First Supplement to Motion to Dismiss for Lack of Jurisdiction, attaching a copy of the notice of deficiency and USPS Form 3877, Firm Mailing Book For Accountable Mail.

On November 24, 2021, petitioner filed a Response to Motion to Dismiss for Lack of Jurisdiction, as Supplemented, stating that he never lived at the Roslyn Address.  On February 8, 2023, respondent filed a Reply to Response to Motion to Dismiss for Lack of Jurisdiction, as Supplemented.  Therein, respondent appeared to argue that third-party reporting related to petitioner's ex-wife supported changing petitioner's last known address to the Roslyn Address.

On February 8, 2023, petitioner filed a sur-reply in which he again argued that he never lived at the Roslyn Address but his son, who shares the same name, could have been living with petitioner's ex-wife at that address.  We ordered respondent on May 26, 2023, to file a second supplement to his motion detailing the address shown on petitioner's last filed return and how he determined petitioner's address.  On June 23, 2023, respondent filed a Second Supplement to his Motion to Dismiss for Lack of Jurisdiction as Supplemented.  For the first time, respondent asserted that petitioner's address was updated in accordance with a notification from the USPS NCOA database (NCOA Notification).  To support this assertion, respondent attached Integrated Data Retrieval System (IDRS) transcripts of petitioner's account.[4]

---

[3] On April 13, 2023, this Court ordered all claims relating to the notice of deficiency severed from claims relating to the notice of certification.  On May 22, 2023, we dismissed the claims relating to the notice of certification for failure to state a claim upon which relief can be granted.  Claims relating to the notice of certification will not be addressed in this Opinion.

[4] The IDRS is a computer interface that allows the IRS to retrieve a portion of the data it possesses regarding each taxpayer's federal tax obligations and generate transcripts with respect to such information.  *See, e.g.*, *Meduty v. Commissioner*,

**[\*4]**  The Court ordered the parties to file additional documents, including additional information on the NCOA Notification.  On February 1, 2024, respondent filed a response to our order, explaining the general process respondent follows upon receipt of an NCOA change-of-address notification.  Respondent did not provide any additional information related specifically to petitioner's NCOA Notification.  On February 5, 2024, petitioner filed an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 in which he represented that he never lived at the Roslyn Address, it is his belief that his deceased former spouse lived at the Roslyn Address, and his adult son Keith M. Phillips, Jr., may have lived at the Roslyn Address with his mother.  On February 27, 2024, petitioner filed a First Supplemental Declaration of Keith Phillips in Support of Petition, asserting the same facts.

On February 28, 2024, we held a remote hearing on the Motion to Dismiss.  Petitioner testified that he did not submit a USPS change-of-address request in or around 2010 that requested his address be changed to the Roslyn Address.

*Discussion*

I.  *Jurisdiction*

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress.  *See* § 7442; *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985).  We nevertheless have jurisdiction to determine whether we have jurisdiction.  *See Pyo v. Commissioner*, 83 T.C. 626, 632 (1984); *Kluger v. Commissioner*, 83 T.C. 309, 314 (1984).  In a case seeking redetermination of a deficiency, our jurisdiction depends upon the issuance of a valid notice of deficiency and the timely filing of a petition.  *See* Rule 13(a), (c); *Mulvania v. Commissioner*, 81 T.C. 65, 67 (1983); *Naftel*, 85 T.C. at 530.  Section 6213(a) provides: "Within 90 days . . . after the notice of deficiency authorized in section 6212 is mailed . . . , the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency."  The 90-day period prescribed by section 6213(a) sets forth a jurisdictional requirement.  *See Sanders v. Commissioner*, No. 15143-22, 161 T.C., slip op. at 8 (Nov. 2, 2023); *Hallmark Rsch. Collective v. Commissioner*, 159 T.C. 126, 166–67 (2022).  If the notice of deficiency specifies a last day for filing a petition

---

No. 32817-21P, 160 T.C., slip op. at 6 n.5 (May 23, 2023); *Belton v. Commissioner*, T.C. Memo. 2023-13, at \*14.

[*5] that is later than the 90th day, the deadline to file a petition related to the notice is extended to the day specified. *See* § 6213(a); *Nutt v. Commissioner*, No. 15959-22, 160 T.C., slip op. at 3 (May 2, 2023).

Respondent has presented conflicting evidence as to the date of mailing. The notice of deficiency at issue in this case is dated September 24, 2018. Respondent represents that the notice of deficiency was issued on September 11, 2018. USPS Form 3877 is dated September 20, 2018. Finally, USPS Form 3877 bears a date stamp of September 24, 2018. The date listed on the notice of deficiency as the last day to petition this Court (i.e., December 24, 2018) is later than the filing deadline based on respondent's representation and the USPS Form 3877 date. The deadline based on the USPS Form 3877 date stamp and the deadline listed on the notice of deficiency are identical. Therefore, the deadline to file a petition with this Court was December 24, 2018. *See Nutt*, 160 T.C., slip op. at 3.

There is no dispute that petitioner filed his petition after December 24, 2018. However, petitioner argues that the notice of deficiency was not properly mailed. Petitioner asserts that he never lived at the Roslyn Address and that he did not submit a USPS change-of-address request to treat the Roslyn Address as his mailing address. We interpret his contention as a challenge to the validity of the notice of deficiency because the notice of deficiency was not sent to his last known address. This error would render the notice of deficiency invalid, and we would lack jurisdiction over this case.[5]

Accordingly, we must dismiss this case as untimely under section 6213(a), unless we agree with petitioner that the notice was not properly mailed. *See Monge*, 93 T.C. at 27. If we agree with petitioner, we must dismiss the case on the basis that the notice of deficiency is invalid. *See id.* Regardless of whether petitioner or respondent prevails, we lack jurisdiction to consider this case on its merits. *See McKay v. Commissioner*, 89 T.C. 1063, 1067 (1987), *aff'd*, 886 F.2d 1237 (9th Cir. 1989). However, we have jurisdiction to determine the reason we do not have jurisdiction. *See Shelton v. Commissioner*, 63 T.C. 193, 194–95 (1974).

---

[5] Petitioner appears to argue that we should retain jurisdiction over his case if we determine that the notice of deficiency was not sent to his last known address. However, if the notice of deficiency is invalid, we lack jurisdiction over petitioner's case. *See Monge v. Commissioner*, 93 T.C. 22, 27 (1989).

**[\*6] II.** *Last Known Address Determination*

In every deficiency case the Commissioner must have issued the taxpayer a notice of deficiency. *See* § 6213(a). "The notice constitutes the taxpayer's ticket to the Tax Court, and without it, there could be no prepayment judicial review of the asserted deficiency." *Mulvania*, 81 T.C. at 67. The parties do not dispute that petitioner did not receive the notice of deficiency until several years after it was mailed to the Roslyn Address. Rather, respondent asserts that the notice was sent to petitioner's "last known address," which started the clock on petitioner's 90-day window to file a petition in this Court.

It is not mandatory that the Commissioner mail a notice of deficiency to the taxpayer's last known address; rather, the taxpayer's last known address is "a 'safe harbor' address to which he could send the notice." *McKay*, 89 T.C. at 1068 (quoting *Mulvania*, 81 T.C. at 68). But if respondent takes advantage of this safe harbor, then the notice of deficiency "shall be sufficient," and whether the taxpayer actually receives the notice is immaterial. *See Fehrs v. Commissioner*, 65 T.C. 346, 351 (1975); *see also* § 6212(a). However, if the Commissioner mails a notice to an incorrect address but the taxpayer receives actual notice in sufficient time to file a petition, we have held that the notice is valid even though improperly addressed. *See Dees v. Commissioner*, 148 T.C. 1, 8 (2017). As noted above, respondent does not allege that petitioner had actual notice of the notice of deficiency in time to petition this Court. Therefore, the dispositive issue in this case is whether the notice of deficiency was mailed to petitioner's last known address within the meaning of section 6212.

As the Code does not define "last known address," we frequently rely upon the definition found in Treasury Regulation § 301.6212-2, which was promulgated in 2001.[6] Under the regulation, a taxpayer's last known address is presumptively the address appearing on the taxpayer's most recently filed and properly processed federal tax return. *See id.* para. (a). The IRS will update a taxpayer's last known address if the taxpayer provides clear and concise notification of a different address. *See id.*

---

[6] Before the promulgation of the regulation, a taxpayer's last known address was the "address to which, in light of all the facts and circumstances, the [Commissioner] reasonably believed the taxpayer wished the notice to be sent." *Looper v. Commissioner*, 73 T.C. 690, 696 (1980).

**[\*7]**    Generally, providing a third party, such as a payor or another government agency, change-of-address information is not clear and concise notification of a different address for purposes of determining the taxpayer's last known address. *See id.* para. (b)(1). However, the regulation provides that the IRS will update a taxpayer's last known address to that accumulated and maintained in the NCOA database.[7] *See id.* subpara. (2)(i). A taxpayer's last known address will be updated if the taxpayer's name and last known address in the IRS records match the taxpayer's name and old mailing address contained in the NCOA database. *See id.* The regulation does not provide additional information as to the NCOA database nor the matching process.

To update his address with the USPS, a taxpayer may call the USPS or submit a USPS Form 3575, Official Mail Forwarding Change of Address Order, in person or online. USPS policy dictates certain authorization and validation controls to ensure that a change-of-address request is submitted by the taxpayer, but the USPS has recognized that these controls are insufficient.[8] After processing, the USPS accumulates and maintains change-of-address information in the NCOA database. *See id.* subpara. (2). The IRS, as a licensee of the NCOA database, receives a weekly file from the USPS, containing change-of-address

---

[7] Before the regulation, our caselaw established that filing a change-of-address form with the USPS was not clear and concise notification to the IRS of a taxpayer's change of address. *See Adams v. Commissioner*, T.C. Memo. 1994-365, 1994 WL 397318, at \*4, *aff'd sub nom. Miller v. Commissioner*, 61 F.3d 916 (10th Cir. 1995) (unpublished table decision). For notices issued after the promulgation, we treat a USPS change-of-address request as clear and concise notification to the IRS of a taxpayer's change of address. *See Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 982 (2005) ("A court's prior judicial construction of a statute trumps an agency construction otherwise entitled to *Chevron* deference only if the prior court decision holds that its construction follows from the unambiguous terms of the statute and thus leaves no room for agency discretion.").

[8] The USPS's verification of an individual's identity has consistently been the subject of scrutiny with several reports detailing the lack of sufficient controls to ensure change-of-address orders are legitimate and authorized by the individual. *See* Off. of Inspector Gen., USPS, *Audit Report—Identity Theft Potential in the Change of Address Process* 2–3 (2008), https://www.uspsoig.gov/sites/default/files/reports/2023-01/IS-AR-08-016.pdf (explaining that the USPS's processing of physical change-of-address forms lacks sufficient safeguards to ensure legitimacy because of widespread disregard of internal controls, such as processing forms without proper signatures); Off. of Inspector Gen., USPS, *Audit Report—Change of Address Identify Verification Internal Controls* 7–8 (2018), https://www.uspsoig.gov/sites/default/files/reports/2023-01/MS-AR-18-005.pdf (reporting on a lack of identity verification related to hardcopy change-of-address forms and insufficient verification of online change-of-address requests).

[*8] information. *See* Internal Revenue Manual (IRM) 3.13.5.22.1 (Jan. 1, 2010). This file is matched against the IRS's master file with a "proprietary software." *See id.* If the taxpayer's name and old address in the IDRS matches that in the NCOA database, the taxpayer's last known address is updated in the IDRS to the address in the NCOA database. *See* T.D. 8939, 2001-1 C.B. 899, 900 (Jan. 12, 2001); IRM 3.13.5.22.1.

The regulation specifies that the taxpayer's last known address is the address obtained by the matching process. *See* Treas. Reg. § 301.6212-2(b)(2). Therefore, if the IRS complies with the procedure set forth in the regulation—specifically matching a taxpayer's name and old address to the NCOA database—the address in the NCOA database is the taxpayer's last known address, even if the USPS improperly processed the change-of-address form.

The Commissioner often relies upon the last known address safe harbor to show that a notice of deficiency is valid. In a typical case, the IRS sends the notice of deficiency to the address listed on a taxpayer's most recently processed tax return. *See, e.g.*, *Chapman v. Commissioner*, T.C. Memo. 2019-110, at *11–12. A taxpayer will then argue that he provided adequate notice of a new address to the IRS, and thus the notice of deficiency was not sent to his last known address. *See, e.g., id.* at *12. To establish clear and concise notice, the Court requires a taxpayer to come forward with evidence documenting that he submitted the change-of-address form. *See, e.g.*, *Gyorgy v. Commissioner*, 779 F.3d 466, 477 (7th Cir. 2015) (rejecting a taxpayer's testimony that he submitted a change-of-address form each time he moved when he failed to provide documentation); *Taylor v. Commissioner*, T.C. Memo. 2016-81, at *6 (rejecting a taxpayer's testimony that he submitted a change-of-address form to the USPS when he failed to produce evidence to corroborate his testimony or establish a date on which he submitted the form).

Here the parties' arguments are the opposite of what is typical for this issue. Respondent argues that petitioner provided clear and concise notification of a change of address by sending a change-of-address form to the USPS, whereas petitioner counters that he neither lived at the Roslyn Address nor submitted the USPS change-of-address form.

**[\*9]** III.  *Allocation of Burden of Proof*

Generally, the party invoking this Court's jurisdiction bears the burden of demonstrating that it exists.  *See David Dung Le, M.D., Inc. v. Commissioner*, 114 T.C. 268, 270 (2000), *aff'd*, 22 F. App'x 837 (9th Cir. 2001).  Usually, the application of this principle places the burden of proof on the taxpayer, who invoked the jurisdiction of the Court.  It is well established that the burden falls upon the taxpayer to keep the IRS informed of his proper address.  *See Mollet v. Commissioner*, 82 T.C. 618, 624–25 (1984), *aff'd*, 757 F.2d 286 (11th Cir. 1985) (unpublished table decision); *Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367, 374 (1974), *aff'd*, 538 F.2d 334 (9th Cir. 1976) (unpublished table decision).  In a typical last known address dispute, this means the taxpayer has the burden to show that he submitted clear and concise notification of a change of address to the IRS such that his last known address is not that shown on his last tax return.  *See Yusko v. Commissioner*, 89 T.C. 806, 808 (1987).  However, the IRS must use reasonable diligence to determine a taxpayer's last known address in accordance with the applicable regulations.  *See Gyorgy v. Commissioner*, 779 F.3d at 478; *Buffano v. Commissioner*, T.C. Memo. 2007-32, slip op. at 12.

When faced with unusual facts that run contrary to our traditional allocation of the burden of proof, we may consider which party ought to bear the burden of proof.  *See, e.g., Pietanza v. Commissioner*, 92 T.C. 729, 736–37 (1989), *aff'd*, 935 F.2d 1282 (3d Cir. 1991) (unpublished table decision).  Here, we are in an unusual situation where both parties are contesting jurisdiction.  Each party has obligations placed in tension by the argument posture: petitioner has an obligation to keep respondent informed of his change of address and respondent must exercise reasonable diligence in complying with the regulation to determine petitioner's last known address.  Petitioner's underlying obligation to keep respondent informed of his change of address does not indicate which party should bear the burden because petitioner is arguing that he did not change his address.  In contrast, respondent's obligation to use reasonable diligence to ensure compliance with the regulation favors placing the burden of proof on respondent.

The difficulty in establishing a negative fact and availability of evidence to one party are factors we may consider in allocating the burden of proof.  *See, e.g., Pietanza*, 92 T.C. at 736–37; *Casqueira v. Commissioner*, T.C. Memo. 1981-428.  In *Pietanza* we found it proper to place the burden of proof on the IRS to show the existence of a notice of deficiency and the date of mailing because if the burden was placed on

**[\*10]** the taxpayers, they would have to show nonexistence of a notice of deficiency that they claim to have not received. *Pietanza*, 92 T.C. at 376–77; s*ee also Bobbs v. Commissioner*, T.C. Memo. 2005-272, slip op. at 5 (allocating the burden of proof to the IRS when a taxpayer challenged proper mailing of a notice of deficiency).

Respondent concedes that he did not send the notice of deficiency to the address on petitioner's last tax return, and petitioner contends that he never sent anything to the USPS or the IRS about changing his address to the Roslyn Address. Further, respondent has ready access to the information required to make an affirmative showing that he properly matched petitioner's information in the NCOA Notification with the IDRS. Petitioner, however, does not have access to information that would allow him to prove either (1) the IRS did not receive an NCOA Notification or (2) the information on the NCOA Notification (which petitioner maintains he never submitted) did not match the information in the IDRS. This asymmetry in access to information favors placing the burden of proof on respondent to show that he properly determined petitioner's last known address when he relied on the alleged NCOA Notification.

IV.     *Analysis Framework*

After we allocate the burden of proof to respondent to show that he complied with the regulation, the analysis follows a familiar framework. The interaction of evidentiary presumptions and respondent's burden is best illustrated by the framework routinely used in collection due process cases.

First, the Court determines whether the IRS has carried its initial burden to show that it properly mailed the notice of deficiency to the taxpayer. *See Sego v. Commissioner*, 114 T.C. 604, 610–11 (2000). This initial burden may be carried with the presumption of official regularity. *See id.* Next, the burden of going forward shifts to the taxpayer to rebut the presumption by demonstrating irregularities in the procedure. *See id.* at 611. Finally, if the taxpayer rebuts the presumption, the IRS has the burden of production to show that the notice was properly mailed. *See Butti v. Commissioner*, T.C. Memo. 2006-66, slip op. at 7–8. The U.S. Court of Appeals for Veterans Claims applies an identical three-step approach to decide whether the Board of Veterans' Appeals properly determined a veteran's last known address. *See Crain v. Principi*, 17 Vet. App. 182, 187 (2003); *Ashley v. Derwinski*, 2 Vet. App. 62, 65–66 (1992).

**[\*11]** We have previously applied a similar framework to a last known address inquiry in a collection due process case. In *Devlin v. Commissioner*, T.C. Memo. 2012-145, slip op. at 7, a taxpayer sought to challenge his underlying liability by claiming that he did not receive notices of deficiency for some of the years at issue because they were sent to the wrong address. The Commissioner attempted to invoke the presumption of proper mailing to show that such a challenge was precluded. *Id.* The taxpayer argued that the presumption should not apply because the notice of deficiency was not sent to his last known address and there was no evidence connecting him to this address. *Id.* The Court determined that the presumption of proper mailing was inapplicable because of the lack of evidence. *Id.* at 8. There was then insufficient evidence to conclude that the taxpayer received the notice of deficiency. *Id.*

Applying this framework to the last known address inquiry, the focus of the analysis becomes whether respondent properly updated petitioner's last known address in his system. Thus, in the first step, the doctrine of official regularity may apply to respondent's action of matching petitioner's name and old address in the NCOA Notification to that information in the IDRS. For the second step, petitioner would need to allege irregularities in this matching process to rebut the presumption of official regularity. Finally, if petitioner rebuts the presumption, respondent would bear the burden of proving he properly updated petitioner's last known address by competent and persuasive evidence.

V.    *Application*

A.    *Respondent's Initial Burden*

Respondent bears the initial burden to demonstrate that he properly updated petitioner's last known address. This initial burden may be satisfied with the presumption of official regularity, which presumes that a public officer, absent evidence to the contrary, has properly discharged his official duties in accordance with proper procedure. *See Mecom v. Commissioner*, 101 T.C. 374, 388 (1993) ("[P]ublic officials are presumed to have properly discharged their official duties."), *aff'd*, 40 F.3d 385 (5th Cir. 1994) (unpublished table decision). As the Supreme Court has stated: "Acts done by a public officer 'which presuppose the existence of other acts to make them legally operative, are presumptive proofs of the latter.'" *R.H. Stearns Co.*

[*12] *of Bos., Mass. v. United States*, 291 U.S. 54, 63 (1934) (quoting *Bank of the U.S. v. Dandridge*, 25 U.S. (12 Wheat.) 64, 70 (1827)).

We have previously analyzed the effect of the presumption of official regularity on the IRS's obligation to update the IDRS. In *Davis v. Commissioner*, T.C. Memo. 2018-197, at \*11, *aff'd*, 788 F. App'x 618 (10th Cir. 2019), the IRS issued a notice of deficiency to a taxpayer at the address listed in the IDRS before the processing of the taxpayer's most recently filed tax return. In finding that the notice was properly sent to the taxpayer's last known address, the Court noted that the presumption of official regularity applied to the IRS's maintenance of the IDRS. *Id.* at \*12 n.10. The Court reasoned that because the IRS did not update the taxpayer's address upon processing the return, the address listed on that return presumptively matched the address in the IDRS. *Id.* The taxpayer did not rebut the presumption. *Id.*

Here the presumption of official regularity applies to presume that respondent properly compared the NCOA Notification with petitioner's name and old address as recorded in the IDRS. Relying on the presumption of official regularity, respondent has carried his initial burden to show that he properly updated petitioner's last known address in his system.

B.      *Petitioner's Burden to Rebut the Presumption*

Because respondent carried his initial burden to show that he properly updated petitioner's address through the presumption of official regularity, petitioner bears the burden of rebutting the presumption. In collection due process cases in which taxpayers allege that they submitted a change-of-address form, we have found self-serving testimony without additional corroborating evidence to be insufficient to rebut the presumption. *See Sego*, 114 T.C. at 611; *Taylor*, T.C. Memo. 2016-81, at \*6. We adopt a similar approach in that petitioner may rebut the presumption with credible testimony or other competent evidence alleging irregularities in respondent's processing of the NCOA Notification, either because respondent did not receive an NCOA Notification or the information contained in the NCOA Notification did not match the information in the IDRS.

In sworn testimony petitioner asserted that he did not file a change-of-address form in 2010. Moreover, his responses to the motion suggest that his son, with the same name, may have been residing at the Roslyn Address with his mother. Petitioner provided documentation

**[\*13]** that he was incarcerated when respondent processed the USPS change-of-address form.[9] This evidence lends credibility to petitioner's argument that he did not submit the USPS change-of-address form. Thus, this evidence demonstrates irregularity in the matching process: either respondent did not receive the NCOA Notification or the information contained in the NCOA Notification matched petitioner's son's account rather than his account. We find that this evidence is sufficient to rebut the presumption of official regularity and shift the burden of production back to respondent.

### C. *Respondent's Burden to Show Proper Update*

Because petitioner carried his burden to rebut the presumption of official regularity, respondent has the burden of production to show that he complied with the regulation in updating petitioner's last known address. To show compliance with the regulation, respondent has provided the Court with two transcripts from the IDRS: FINDSD and IMFOLE transcripts. A FINDSD transcript provides a taxpayer's name and address. *See* IRM 4.71.2.3 (Nov. 12, 2021). An IMFOLE transcript records account transactions, designated by transaction codes and document locator numbers. *See id.*

The IRS typically introduces IDRS transcripts to show that a taxpayer has not notified the IRS of a change of address. *See Gyorgy v. Commissioner*, 779 F.3d at 477 (holding that a taxpayer did not notify the IRS of a change of address because it was not reflected in the IDRS); *Davis*, T.C. Memo. 2018-197, at \*12 n.10. As for proof of affirmative actions by the IRS, we have previously rejected reliance on IDRS transcript entries to show the validity of underlying actions. *See Gardner v. Commissioner*, T.C. Memo. 2013-67, at \*24 (holding that the IRS did not satisfy its burden of proof to show preparation of a substitute for return that complied with the requirements of section 6020(b) when the IRS introduced only a copy of the taxpayer's account transcript that showed that a substitute for return was prepared), *aff'd*, 845 F.3d 971 (9th Cir. 2017).

---

[9] We recognize that the Treasury Decision issued with the promulgation of the regulation states that it may take up to two or three weeks for the IRS to process an NCOA Notification. *See* T.D. 8939, 2001-1 C.B. at 900. However, respondent has failed to provide the exact date that he processed the NCOA Notification. The information we derive from the transcript tends to show that the change-of-address request was sent after petitioner was incarcerated.

**[*14]**  We do not have to reach the question of whether respondent can generally rely on the IDRS to show evidence of compliance with the last known address regulation.  The transcripts respondent provided contain no information relating to the process of matching petitioner's information to the NCOA Notification in 2010, only the result of such process.  Even if the IDRS may be used as evidence of compliance with the regulation, the transcripts provided in this case are not competent and persuasive evidence of respondent's compliance.

As discussed above, the transcripts respondent provided show that the 2010 change of address occurred after petitioner was incarcerated.  This fact supports petitioner's contention that he did not submit a change-of-address form to the USPS, and thus any update to his last known address was the result of respondent's error in processing the form.  While the transcript shows that respondent processed a change-of-address form in 2010, the transcripts do not show that respondent properly processed that form.

Respondent's inconsistent explanations for the change of address further diminish the credibility of the transcripts.  In his reply, respondent appears to argue that third-party reporting regarding petitioner's ex-wife supported his decision to update petitioner's last known address.  Reliance on third-party reporting, excluding the USPS, to update petitioner's last known address would violate the regulation.  *See* Treas. Reg. § 301.6212-2(b)(1).  Respondent asserted the new theory that the change of address was the result of an NCOA Notification in his second supplement to his motion.  Respondent failed to provide an explanation for this change in position.

Expanding beyond the 2010 address change, additional inconsistencies are present on the transcript.  For example, the FINDSD transcript shows that petitioner's address was updated in 2008.  However, there is no corresponding entry in the IMFOLE transcript.  For all other address changes reflected on the FINDSD transcript, there are corresponding entries on the IMFOLE transcript.

The unexplained irregularities on the transcripts cause us to question their accuracy.  Consequently, we do not find that the FINDSD and IMFOLE transcripts in this case are competent and persuasive evidence that respondent properly updated petitioner's last known address.  Respondent provided no additional evidence related to his compliance with the regulation to update petitioner's last known

**[\*15]** address.  Therefore, respondent has not carried his burden to show compliance with the regulation.

*Conclusion*

We conclude that the notice of deficiency is invalid because it was not sent to petitioner's last known address.[10]  Thus, we lack jurisdiction in this case.  Accordingly, we dismiss this case for lack of jurisdiction on the ground that the notice of deficiency is invalid.  We will deny respondent's motion and dismiss this case sua sponte.

To reflect the foregoing,

*An order of dismissal for lack of jurisdiction will be entered.*

---

[10] Nothing in this Opinion should be construed as limiting respondent's ability to issue petitioner a new notice of deficiency for 2014 that is properly mailed to petitioner's last known address.